# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA L. SOLTIS, | ) | Case No. 1:11 CV 1291 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| CITY OF SOLON, OHIO, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's Rule 12(b)(6) Motion to Dismiss Counterclaim. (**Doc #: 5**) For the reasons to follow, the Motion is **GRANTED** and the counterclaim is dismissed without prejudice to Defendant raising the assertions contained therein in a properly filed motion.

**I.**

Plaintiff Tamara Soltis began her employment with the Solon Police Department as a civilian records secretary in 1999. Soltis alleges that she was constructively discharged after she petitioned the City "for redress of grievances by way of associating with co-workers to engage in protected speech to form a union." (Doc #: ¶ 4.) According to Soltis, the Solon Police Chief told Soltis and her co-workers in December 2009 that a newly elected Mayor would be seeking to eliminate jobs within the Police Department and break a police union already in place to prevent the redress of grievances. In the winter of 2010, Soltis distributed union formation interest cards to her six co-workers, which cards she obtained from an Fraternal Order of Police

("FOP") union representative. The FOP then sent a letter to the City advising that Soltis and her co-workers were forming an FOP union. Soltis asserts that, as a result of her activity, (1) the Police Chief refused to speak to her despite the fact that communicating with the Chief was a requirement of performing her job duties; (2) her immediate supervisor (Records Manager Carol Haddon) conducted unrelenting surveillance of Soltis' work performance to which other employees were not subjected; and (3) a crime victim's assistance program Soltis started and ran was cancelled just to spite her. As a result of this conduct, Soltis began to suffer work-related ulcers, underwent anti-stress counseling and, due to continued harassment and ostracism, resigned involuntarily from her job on August 3, 2010. At the time of her termination, Soltis was earning an annual salary of $35,000 and her discharge resulted in the loss of government pension benefits to the tune of $546,000.

On June 22, 2011, Soltis filed this lawsuit against the City of Solon, Ohio ("the City") asserting the following claims: wrongful termination in violation of Ohio public policy (Count One), intentional infliction of emotional distress (Count Two), and a 42 U.S.C. § 1983 claim for violation of her First Amendment rights (Count Three).

On August 26, 2011, the City filed an answer and counterclaim. (Doc #: 4.) In the affirmative defenses section, the City asserts that this case is an attempt by Soltis to circumvent the legislative framework designed to have exclusive jurisdiction to determine the validity of unfair labor practices. (Id. at 6.) According to the City, Soltis has already presented her allegations to the State Employment Relations Board ("SERB") which investigated her allegations and rejected them. (Id. at 6-7 (citing Doc #: 4-1).) Furthermore, Soltis failed to file a proper appeal of the that ruling. (Id.) Soon thereafter, Soltis filed the exact same allegations in

state court (Cuyahoga County Common Pleas Court) which case she voluntarily dismissed while the City's 12(b)(1) and 12(b)(6) motion to dismiss was pending. (Id. at 7.) The City contends that this case is frivolous, it was filed in violation of Rule 11, and it is being brought only to harass the City. (Id.) The City points out that Soltis was not "constructively discharged" as confirmed by her resignation letter where she states "my decision to resign was finalized after long and careful consideration of all the factors that have occurred. I feel the change will be more beneficial for my family and my long-term career goals and objectives." (Id.) With regard to its counterclaim, the City vaguely asserts that the complaint was filed only to harass the City; it is not warranted under existing law; the allegations have no evidentiary support; it is frivolous; and the City "has been damaged." (Doc #: 4 at 9-10.)

On August 31, 2011, Soltis filed the pending Rule 12(b)(6) Motion. (Doc #: 5) Plaintiff seeks dismissal of the counterclaim because it fails to state an actionable claim as a matter of law and it does not plead a recognizable claim; thus, it was filed in violation of Rule 11.

In response, the City admits that its counterclaim focuses solely on the frivolous nature of Soltis' complaint:

> The filing of the Complaint is what is at issue, not the underlying employment-related events. By filing a Complaint containing causes of action that are not recognized as valid, Defendant is incurring legal expenses in defending said action. It is not incumbent upon Defendant to completely recite why each of the Complaint's factual allegations qualifies as frivolous. It is sufficient that the allegations in Defendant's Counterclaim present a plausible claim for relief.

(Doc #: 7 at 2.) Further,

> The Counterclaim fulfills Defendant's legal obligation under the Federal Rules. The six paragraphs provide sufficient notice to Plaintiff that her pleading is frivolous. Defendant could have been more thorough by incorporating all of the details and paragraphs from its Answer and Affirmative Defenses contained

> within the same document. This would have undoubtedly satisfied the *Twiqbal* standard.

(Id. at 2-3.)

In reply, Soltis notes that the counterclaim is an unsupported Rule 11 motion disguised as a cause of action. (Doc #: 8, at 1.)

## II.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. "The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C-1-08-255, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). 550 U.S. 544, 555 (2009)). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 120 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Simpson*, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 550). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id*.

**III.**

There simply is no federal or state cause of action for "frivolousness." The Court finds that the City is using the format of an affirmative defense and a counterclaim when it is trying either to dismiss Soltis' complaint or to seek sanctions. Accordingly, the Court **GRANTS** Plaintiff's Motion to Dismiss the Counterclaim (**Doc #: 5**) without prejudice to the City raising the assertions therein at the appropriate time in a properly filed motion to dismiss or motion for sanctions.

**IT IS SO ORDERED.**

                                        */s/ Dan A. Polster     September 9, 2011*
                                        **Dan Aaron Polster**
                                        **United States District Judge**